IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| Choice Food of America, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:10-cv-00644 |
| | ) | |
| v. | ) | JUDGE TRAUGER |
| | ) | |
| Halo, Purely for Pets, Inc. | ) | MAGISTRATE JUDGE GRIFFIN |
| | ) | |
| Defendant. | ) | |

## {PROPOSED} INITIAL CASE MANAGEMENT ORDER

The parties submit this Proposed Initial Case Management Order pursuant to Local Rule 16.01 in anticipation of the initial case management conference to be held on August 30, 2010.

**A.  JURISDICTION**

The court has jurisdiction pursuant to 28 U.S.C. § 1332.  Section 19 of the parties' agreement provides for exclusive jurisdiction in Davidson County, Tennessee.

**B.  BRIEF THEORIES OF THE PARTIES**

**1)  PLAINTIFF**

This is a straightforward case concerning purchase orders.  Defendant, a natural dog food distributor, submitted the purchase orders to Plaintiff, Plaintiff manufactured the products, and Defendant has refused to pay for the products.  Defendant has also refused to pay for raw materials and similar items purchased by Plaintiff to manufacture the products for Defendant.

In addition to failing to pay for the purchase orders, the evidence shows that Defendant submitted the purchase orders with no intent to pay them.  It did so in a misguided attempt to get even for a pricing change Plaintiff had instituted the year before.  This was fraudulent and

1

improper. If Defendant did not like Plaintiff's prices, Defendant should have found an alternate supplier, not submitted purchase orders 10 months after Defendant was clearly on notice of the price increase with no intention to pay for the products it ordered.

### 2) DEFENDANT

On September 19, 2007, Defendant Halo, Purely for Pets, Inc., ("Halo"), a Tampa, Florida based producer, marketer and distributor of natural and holistic pet foods, treats, grooming aids and supplements, entered into a Manufacturing Agreement ("Agreement") with Plaintiff Choice Food of America, LLC ("Choice"), a Nashville, Tennessee based manufacturer of customized food products for foodservice, retail, and distribution companies. Under the terms of the Agreement, Choice agreed to act as the exclusive manufacturer of Halo's requirements for a variety of moist pet foods.

Under Section 1.2 of the Agreement, Choice was permitted to increase the prices the products it was manufacturing for Halo "only after providing Halo with written notice of the increase at least sixty (60) days prior to the effective date of such increase. Furthermore, "Halo [had] the right to request and receive written explanation of the increased costs supporting such proposed price increases."

In late April 2009, Halo learned that Choice, without the required sixty day notice, had increased its prices by up to 22.1%. On May 5, 2009, Steve Marton, CEO of Halo, protested this price increase in writing, stating, in part, "The fact we are forced to place these purchase orders at the prices you have imposed does not mean that we accept your price increase, or that we agree that you have the right to raise prices under the contract, or that we agree that you provided us with the notice the contract requires." Mr. Marton went on to demand a written explanation of the costs supporting the price increase as well as evidence that Choice had provided the requisite sixty-day advance notice of the increase.

Over the course of the next year, Halo never abandoned its demand that Choice comply with the Agreement. Choice failed to do so. Because it had no alternative source of the products Choice was manufacturing for it, Halo continued to pay the increased prices under protest, a position it repeatedly made clear to Choice. On May 13, 2010, Halo advised Choice it was terminating the Agreement and tendered a check in the sum of $81,576.27, representing the difference between ten outstanding invoices from Choice to Halo totaling $456,050.12 and Choice's overcharges in the sum of $374,473.85. Choice rejected that tender and filed this action.

Halo contends that the self-help remedy it exercised here, made necessary by Choice's breach of contract and resultant economic duress to Halo, is expressly authorized under the Uniform Commercial Code, Tenn. Code Ann. § 47-2-717. *See Duffy Tool & Stamping, Inc. v. Bosch Automotive Motor Systems Corp.*, 2000 WL 122225 at *4 (Tenn. Ct. App. Feb. 1, 2000). For the same reasons it disputes Choice's claims for breach of contract, Halo likewise disputes the claims for fraud and conversion that arise from the same operative facts.

Choice also contends Halo owes it the sum of $95,660.56 for raw materials "exclusive to Halo's products and similar items purchased by Choice," based on Halo's termination of the Agreement. Halo denies it has any obligation to pay this sum in light of Choice's breach of contract.

**C.    ISSUES RESOLVED:**

Jurisdiction and venue.

**D.    ISSUES STILL IN DISPUTE:**

Liability and Damages

**E.    INITIAL DISCLOSURES:**

The parties have agreed to engage in mediation at the commencement of the case and before exchanging any discovery. The parties intend to mediate this case in September or early October, 2010. The parties request that they be permitted to exchange initial disclosures by October 31, 2010.

**F.    DISCOVERY**

The parties shall complete all written discovery and depose all fact witnesses on or before February 17, 2010. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**G.    MOTIONS TO AMEND**

The parties shall file all Motions to Amend on or before December 15, 2010.

**H.    DISCLOSURE OF EXPERTS**

Plaintiff shall identify and disclose all expert witnesses and expert reports by March 1, 2011. Defendant shall identify and disclose all expert witnesses and expert reports by April 1, 2011.

**I.    DEPOSITIONS OF EXPERT WITNESSES**

The parties shall depose all expert witnesses on or before June 1, 2011.

**J.    JOINT MEDIATION REPORT**

The parties are going to mediate this case at the outset. The parties shall file a joint mediation report on or before October 31, 2010.

**K.     DISPOSITIVE MOTIONS**

The parties shall file all dispositive motions on or before June 30, 2011. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**L.     ELECTRONIC DISCOVERY**

The parties expect to reach agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

**M.     ESTIMATED TRIAL TIME**

The parties expect the bench trial of this matter to last approximately ~~X~~ 2 days.

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:


*/s/ Michael G. Abelow*
Michael G. Abelow (No. 26710)
Phillip F. Cramer (No. 20697)
SHERRARD & ROE, PLC
424 Church Street, Suite 2000
Nashville, Tennessee 37219
Phone: (615) 742-4200
Fax: (615) 742-4539

*Counsel for Choice Food of America, LLC*


/s/ *John R. Tarpley*
Lisa Ramsay Cole, # 16262
John R. Tarpley, # 9661
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: (615) 259-1366
Fax: (615) 259-1389
E-mail: lcole@lewisking.com
E-mail: jtarpley@lewisking.com

Harvey Freedenberg
Susan V. Metcalfe
MCNEES WALLACE & NURICK LLC
100 Pine Street
P.O. Box 1166
Harrisburg, P A 17108
Phone: (717) 232-8000
Fax: (717) 260-1693

*Attorneys for Defendant Halo, Purely for Pets, Inc.*